UNITED STATES DISTRICT COURT
EASTERN DISTRIC OF MICHIGAN
SOUTHERN DIVISION

MANSA CARVIN,

      Petitioner,

v.                          CASE NO. 4:09-CV-12739
                           JUDGE MARK A. GOLDSMITH
                           MAGISTRATE JUDGE PAUL J. KOMIVES

CATHERINE S. BAUMAN,

      Respondent.

_____/

## OPINION AND ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS APPLICATION

### I. Introduction

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Paul J. Komives (Dkt. 15), entered on January 4, 2012. The Magistrate Judge recommends that the Court deny Petitioner's application for writ of habeas corpus (Dkt. 1). Petitioner has filed objections to the R&R (Dkt. 16). The Court has reviewed the R&R and Petitioner's objections and, for the following reasons, accepts the R&R and adopts its findings as the conclusions of the court, and denies Petitioner's application for writ of habeas corpus.

### II. Background

Petitioner's conviction arises from the shooting death of Augdon Sinegal. Petitioner claims that Sinegal punched him and then drew a knife. Objs. at 3. Petitioner contends that he responded by pulling out a knife of his own and stabbing Sinegal to death and also shooting him several times. Id. at 3-4. Petitioner was convicted of second degree murder under Mich. Comp.

1

Laws § 750.317, possession of a firearm by a felon under Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony under Mich. Comp. Laws § 750.227b. Petitioner raises five objections to the R&R:

> (I) "THE MAGISTRATE ERRED IN CONCLUDING THAT THE PETITIONER [SIC] CLAIMS II THROUGH V ARE PROCEDURAL DEFAULTED";
>
> (II) "THE MAGISTRATE ERRED IN CONCLUDING THAT THE PETITIONER [SIC] CLAIM CONCERNING FAILURE TO INSTRUCT ON VOLUNTARY MANSLAUGHTER WAS NOT ENTITLED TO RELIEF WAS ERROR";
>
> (III) "THE MAGISTRATE ERRED IN CONCLUDING THAT THE PETITIONER [SIC] INSUFFICIENT EVIDENCE CLAIM TO PROVE SECOND-DEGREE MURDER BE REJECTED";
>
> (IV) "THE MAGISTRATE ERRED IN CONCLUDING THAT TRIAL COUNSEL [SIC] INEFFECTIVE REPRESENTATION AT TRIAL DOES NOT ENTITLED HIM TO RELIEF OR THAT THE CLAIM'S ARE WITHOUT MERIT";
>
> (V) "MAGISTRATE ERRED IN CONCLUDING THAT PETITIONER IS NOT ENTITLED TO HABEAS RELIEF AS TO APPELLATE COUNSEL [SIC] INEFFECTIVENESS."

Objs. The Court reviews each objection, in turn.

### III. Discussion

#### a. "THE MAGISTRATE ERRED IN CONCLUDING THAT THE PETITIONER [SIC] CLAIMS II THROUGH V ARE PROCEDURAL DEFAULTED."

Petitioner objects to the R&R on the ground that the Magistrate Judge "erred in concluding that the Petitioner claims II through V [in Petitioner's habeas application] are procedurally defaulted." However, contrary to Petitioner's contention, the Magistrate Judge did <u>not</u> conclude that Petitioner's claims are procedurally defaulted. Instead, the Magistrate Judge reviewed the merits of Petitioner's claims, explaining that, "[t]he Court need not resolve this issue [of procedural default], because even were the Court to conclude that petitioner's claims

are procedurally defaulted, it is still necessary to consider the claims on the merits." R&R at 7. Accordingly, this objection is overruled.

> b. "THE MAGISTRATE ERRED IN CONCLUDING THAT THE PETITIONER [SIC] CLAIM CONCERNING FAILURE TO INSTRUCT ON VOLUNTARY MANSLAUGHTER WAS NOT ENTITLED TO RELIEF WAS ERROR."

Petitioner next argues that the trial court should have instructed the jury <u>sua sponte</u> as to voluntary manslaughter. The R&R addressed this issue, noting that "at trial, counsel expressly disavowed any intent to present a manslaughter defense, and petitioner acknowledged that he agreed with this strategy." R&R at 10. The Magistrate Judge concluded that Petitioner is not entitled to habeas relief on this claim because in non-capital cases, the failure of a court to instruct on a lesser included or cognate offense is generally "not an error of such magnitude to be cognizable in federal habeas corpus review." <u>Bagby v. Sowders</u>, 894 F.2d 792, 797 (6th Cir. 1990) (en banc). Thus, even had Petitioner <u>requested</u> that the jury be instructed as to voluntary manslaughter, there still would not be a basis for federal habeas corpus review. Accordingly, the Court agrees with the R&R that the failure of the trial court to instruct the jury as to voluntary manslaughter does not entitle Petitioner to habeas relief.

> c. "THE MAGISTRATE ERRED IN CONCLUDING THAT THE PETITIONER [SIC] INSUFFICIENT EVIDENCE CLAIM TO PROVE SECOND-DEGREE MURDER BE REJECTED."

Although Petitioner declined to pursue manslaughter at trial, Petitioner argues that the evidence was insufficient to establish malice, an element of the murder charge for which Petitioner was found guilty. Petitioner argues that the evidence shows that he acted under sufficient provocation to negate a finding of malice and instead establish voluntary manslaughter. The Magistrate Judge concluded that,

3

> Here, the only evidence of provocation was the testimony of Ritter and petitioner that the victim punched petitioner in the face one time. There was no testimony from either that the victim continued to attack petitioner, or otherwise threatened petitioner beyond this single punch. Given the limited nature of the victim's assault on petitioner, a rational jury could have concluded beyond a reasonable doubt that petitioner did not act with adequate provocation in shooting the victim so as to negate a finding of malice.

R&R at 15.

Petitioner objects, arguing that the victim's punching Petitioner in the face hard enough to cause Petitioner to fall down some steps was adequate provocation to negate a finding of malice. Petitioner's objection fails because, at most, Petitioner has shown that there was sufficient evidence that a reasonable jury _could have_ found adequate provocation to negate malice. However, it is also the case that a reasonable jury could have concluded, beyond a reasonable doubt, that petitioner did _not_ act with adequate provocation, and Petitioner has not shown otherwise. The Michigan Court of Appeals concluded that "it is reasonable for the jury to infer that defendant acted with malice when he shot [the victim]." People v. Carvin, No. 258796, 2006 WL 120363, at *3 (Mich. Ct. App. Jan. 17, 2006) (per curiam). The Magistrate Judge found this determination reasonable, R&R at 14, and the Court agrees. As the Magistrate Judge concluded, "a rational jury could have concluded beyond a reasonable doubt that petitioner did not act with adequate provocation in shooting the victim so as to negate a finding of malice." Id. at 15. Accordingly, this objection is overruled.

### d.  INEFFECTIVE ASSISTANCE CLAIMS

Petitioner's final two objections relate to his claims of ineffective assistance of counsel at the trial level (Objection IV) and at the appellate level (Objection V). However, Petitioner has not indicated with specificity the conclusions or issues raised in the R&R to which Petitioner objects. Petitioner merely repeats general allegations of ineffective assistance of counsel, which

4

were analyzed in depth in the R&R. The Court has reviewed the R&R and concludes that the Magistrate Judge reached the correct conclusions for the proper reasons. Accordingly, the Court rejects these objections.

### IV. Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). Rule 11 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, requires this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, this Opinion and Order concludes with an order regarding the certificate of appealability.

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-37.

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a

constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. Id.

In this case, the Magistrate Judge recommended that Petitioner is not entitled to a certificate of appealability because the resolution of Petitioner's claims is not reasonably debatable. The Magistrate Judge concluded that it is clear that a trial court's failure to instruct on a lesser offense in a non-capital cause does not raise a federal constitutional claim cognizable on habeas review, and that petitioner cannot prevail on his sufficiency of the evidence claims and ineffective assistance claims. Petitioner did not object to the recommendation that he is not entitled to a certificate of appealability, thereby waiving his right his appeal on this issue, Thomas v. Arn, 474 U.S. 140 (1985), and in any case, the Court concludes that the Magistrate Judge reached the correct conclusion for the proper reasons.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis ("IFP") is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a

showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

For the above reasons, the Court orders that the R&R is accepted and adopted as the findings and conclusions of this Court, and that Petitioner's petition for habeas corpus is denied. It is further ordered that a certificate of appealability is denied, and that and Petitioner is granted leave to appeal in forma pauperis.

SO ORDERED.

Dated: July 16, 2012       s/Mark A. Goldsmith
   Flint, Michigan       MARK A. GOLDSMITH
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2012.

    s/Deborah J. Goltz
    DEBORAH J. GOLTZ
    Case Manager